813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Amon MAHON, Petitioner,
v.
NATIONAL COAL MINING COMPANY, Respondent,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-in-Interest.
 No. 85-1362.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Oct. 28, 1986.
Decided Jan. 13, 1987.
 
 Grant Crandall; Crandall, Pyles & Crandall, on brief), for petitioner.
 Edward I. Eiland; Eiland & Bennett, on brief, for respondent.
 Before WIDENER and ERVIN, Circuit Judges, and BOYLE, District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Amon Mahon, a 55-year-old coal miner With over twenty-nine years of confirmed underground coal mine employment, petitions for review of an order of the Benefits Review Board (Board) affirming an Administrative Law Judge's denial of his claim for black lung disability benefits. Mahon sought benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended by the Black Lung Benefits Act of 1972 and the Black Lung Benefits Reform Act of 1977, 30 U.S.C. SS 901 et seq. We affirm.
 
 
 2
 The Administrative Law Judge found that Mahon had established the interim presumption of total disability under 20 C.F.R. Sec. 727.203(a)(1), but held that the presumption was rebutted under Sec. 727.203(b)(2).' Accordingly, the Administrative Law Judge concluded that Mahon was not entitled to benefits.
 
 
 3
 Mahon was employed in coal mines as a cutter helper for twelve years and then as a cutter operator for seventeen years. He testified at his hearing before the Administrative Law Judge in February of 1981, that his job required him to move a 150 pound cable eighteen to twenty-four times per shift, and as a result he experienced shortness of breath. At the hearing, the parties stipulated that Mahon has simple pneumoconiosis, triggering the presumption of disability.
 
 
 4
 To rebut the interim presumption of total disability, National Coal Mining Company offered the opinion of R. H. Nestmann, M.D. Dr. Nestmann physically examined Mahon and performed pulmonary function tests on December 18, 1979 and reported that:
 
 
 5
 He (Mahon) is able to walk three miles a day without apparent distress if he takes his time.... It would seem to me that there are activities that he could still reasonably do with his pulmonary impairment.... I believe that there are jobs within his competence in the coal mine that he could do if he was of a mind to do so....
 
 
 6
 (Joint Appendix, p. 67). Dr. Nestmann supplemented this report with a short letter to Employer's counsel dated January 8, 1980. Dr. Nestmann wrote: "After reviewing the record, and my prior [report], I can say that this man is not totally and permanently disabled on the basis of coal worker's pneumoconiosis."
 
 
 7
 To contradict the opinion of Dr. Nestmann, Mahon produced the written report of Alberto C. Lee, M.D., who physically examined Mahon on May 22, 1980. Dr. Lee reported that, . in his opinion, Mr. Mahon was disabled. The Administrative Law Judge discredited Dr. Lee's opinion of disability because the only objective test considered by Dr. Lee in reaching his opinion was a pulmonary function study performed four years earlier in 1976. The more recent pulmonary studies, including those by Dr. Nestmann, demonstrate that Mahon's breathing capacity is significantly better than the 1976 tests would indicate. The Administrative Law Judge further noted that pneumoconiosis is a progressive and irreversible disease and the most recent tests are the most probative. Therefore, the Administrative Law Judge found that the presumption of disability was rebutted under 20 C.F.R. 727.203(b)(2).
 
 
 8
 The Board held, and we agree, that the Administrative Law Judge properly relied upon the most recent pulmonary function studies. In Stapleton v. Westmoreland Coal Company, 785 F.2d 424, 427 (4th Cir. 1986), this court held that all relevant medical evidence, including nonqualifying test results, must be considered in determining whether the interim presumption has been rebutted. Additionally, the Administrative Law Judge and the Board considered the fact that Mahon left his employment at the coal mines because of a head injury, and not because of breathing problems. After a review of the entire record, including Mahon's testimony and all relevant medical evidence, we agree with the Board that there was substantial evidence to support the Administrative Law Judge's finding that the interim presumption of disability was rebutted, and affirm the decision of the Benefits Review Board.
 
 
 9
 AFFIRMED.
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 ---------------
 
 
 
 1 Section 727.203(b) provides in pertinent part:
 (b) Rebuttal of interim presumption. In adjudicating a claim under t is subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
 (2) In light of all relevant evidence, it is established that the individual is able to do his usual coal mine work or comparable and gainful work ....